BLANCHARD *v.* AMES.

In a lease of a water-power for six years, absolute for two years, with privilege to the lessor to sell the property after that time, giving to the lessee the first option of buying, the covenants are not broken by a conveyance of the premises to a third person after two years without giving the lessee the first option of buying, and reserving in the deed the use of the property to the lessee for the full term of the lease.

COVENANT BROKEN on the following instrument:

"Ashland, March 26, 1873.
" This is to certify that I, Daniel H. Ames, have leased to Samuel Blanchard, Jr., my water power situated in Ashland for the term of six years, commencing January 26, 1873, and ending January 26, 1879. Said Blanchard is to pay two hundred dollars a year for the use of said power: it is agreed by said Ames that said Blanchard is to have the use of said power for the term of two years from January 26, 1873, to January 26, 1875; the said Ames cannot sell said power until the two years expires; after two years expires said Ames reserves the right to sell said water power giving said Blanchard the first right to purchase the same, providing he will give the same amount other parties will give. Said Ames is to keep his flume, wheel and shafting in good repair to run said Blanchard's tannery with. In witness whereof we have hereunto set our hands and seals the day and year aforesaid.

Daniel H. Ames [L. S.]
Samuel Blanchard Jr. [L. S.]

" Witness: Signed sealed and delivered in presence of
    Wm. W. Russell.
    F. H. Robie."

A referee found the facts. The breach assigned is, that the defendant, before the expiration of the term, to wit, April 1, 1877, conveyed the water-power to Levi Clough without giving the plaintiff an opportunity to buy it, or any notice of his intention to sell, although the plaintiff was ready and offered to pay as much as other parties would. The defendant conveyed the water-power to Clough by deed dated April 10, 1877, reserving the lease and the

plaintiff's right to occupy the premises for the remainder of the term.  No notice of his intention to sell, nor any opportunity to buy provided he would pay as much as Clough did, was given to the plaintiff.  The defendant's contention was, that by a proper construction of the lease the purpose of the covenant was no more than to give the plaintiff the enjoyment of the premises for the full term, and that was secured by the reservation in the deed. The question is reserved, whether on these facts there was any such breach of the covenants of the lease as entitles the plaintiff to maintain the action.

*Bingham, Mitchell & Batchellor* (with whom was *Wilson*), for the plaintiff.  The intention of the parties, derived from the words of the lease, must govern in its construction *(Little* v. *Paddleford*, 13 N. H. 173, *Lovering* v. *Lovering*, 13 N. H. 518, *Hallett* v. *Wylie*, 3 Johns. 47, *Cramer* v. *Bradshaw*, 10 Johns. 484, and 1 Shep. Touch. 161); and by the language, there was a plain covenant not to sell without giving the plaintiff the first option of buying.  The reservation in the Clough deed was not a satisfaction of the covenant. It was not required by the contract; and if the defendant had the right to sell with the reservation, he had the right to sell without it.  It was the right to purchase the property, if he should choose, and not solely the right to an occupancy for the entire term, that was secured to the plaintiff by the covenant.  The defendant cannot make a new agreement for the plaintiff, nor can the court do it.  *Pendergast* v. *Meserve*, 22 N. H. 112.

*Carpenter* (with whom were *Burrows & Jewell*), for the defendant.  The intention of the parties must govern in the construction of the lease; and that is reached by considering the whole instrument, giving effect, so far as possible, to all its parts, and construing its language in the light of surrounding circumstances.  *Gillis* v. *Bailey*, 21 N. H. 156; *Grant* v. *Lathrop*, 23 N. H. 67; *Jackson* v. *Blodget*, 16 Johns. 172, 178; *Heywood* v. *Perrin*, 10 Pick. 230. The plaintiff's sole purpose was to make sure that he would have the use of the water-power for six years; and the stipulation for the first right to buy was a mode of securing the enjoyment for that time if the defendant should, by a sale of the property, attempt to deprive him of it.  The conveyance, being with a reservation of the use for the full term, leaves the plaintiff the full benefit of all the lease attempted to give, and was no breach of any of its covenants.  *Collison* v. *Lettsom*, 6 Taunt. 224.

ALLEN, J.  The plaintiff claims that the conveyance of the water-power, by the defendant's reserving for the plaintiff its use for the full term of his lease, without giving him an opportunity to buy at the price offered by another, was a breach of the covenant in the lease.

To obtain the true construction of the particular clause in question, the whole contract or lease must be considered, and the purpose sought to be obtained by the contract kept in view. The leading purpose of the contract was, for the plaintiff to obtain, and the defendant to give, a right of water-power for a term of years. That purpose is expressed in the first part of the lease, which gives the plaintiff the use of the water-power for six years. Further on, this is limited by giving the use, without let, hindrance, or interruption, in any event, for two years, but reserving the right to sell the leased property after that time; and then, that the plaintiff may have opportunity to enjoy the water-power for the full term, he shall have the first privilege of purchasing by paying as much as any other person will pay. Keeping in view the purpose of the lease, the defendant, to enable the plaintiff to enjoy his full term, agreed to give him the option of buying if he should proceed to sell. A sale of the power, reserving for the plaintiff his full term of six years, left the lease to have its complete operation, and was no violation of any condition, provision, or covenant of the lease. The agreement to give the plaintiff the first opportunity to buy, if the defendant should choose to sell, and the plaintiff would pay the required price, was not an independent stipulation, but an agreement to preserve to the plaintiff the enjoyment of the water-power for the whole six years on the condition named; and that result was secured by the reservation of the remainder of the term in the conveyance made.

The natural view to be taken of the contract is, that a lease was made for six years, unconditional for two years, with a right to the lessor to sell after that time, but the lessee may avoid the effect of that and save his full term, by purchasing, if he will. A sale, therefore, which did not disturb the lessee in the enjoyment of his full term, although the option was not given him to purchase, was no breach of any covenant in the lease.

*Judgment for the defendant.*

SMITH, J., did not sit: the others concurred.